```
                                              FILED
                                       February 12, 2010
                                    CLERK, U.S. BANKRUPTCY COURT
                                    EASTERN DISTRICT OF CALIFORNIA

                                    ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
                                             0002416642
```

3

*RANDELL PARKER*
*3820 Herring Road*
*Arvin, CA  93203*
*(661)854-1503*

# IN THE UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In the Matter of                       Case No.  09-62323-B-7
                                       DC No.    RP-1

**KENNETH DAVID WILLIAMS**
**CHRISTINE MARIE WILLIAMS**

                Debtors                Date:   March 4, 2010
                                       Time:   10:00 a.m.
                                       Place:  U. S. Bankruptcy Court
                                               1300 18th Street, Suite A
                                               Bakersfield, CA
_____/           Judge:  W. Richard Lee

## MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY AT PUBLIC AUCTION

Randell Parker, Chapter 7 Trustee moves this court for an Order Authorizing Trustee to

Sell Personal Property at Public Auction Sale and represents as follows:

1. Kenneth David Williams and Christine Marie Williams ("Debtors") filed a Voluntary

Petition under Chapter 7 on December 18, 2009. Randell Parker is the duly qualified, appointed

and acting trustee in the case filed by Debtors.

2. The assets of the estate include, but are not limited to, a 2002 Mercury Sable and a

1976 Datsun ZX. According to the Schedules of Assets and Liabilities filed by Debtors, the

vehicles are owned free and clear of any liens.

3. The Trustee seeks authority to sell the vehicles at a public auction on or about March

27, 2010, under 11 U.S.C. § 363(b)(1). The court has jurisdiction under 28 U.S.C. § 1334 and 11

U.S.C. § 363. This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (N). The Trustee

believes that selling the vehicles at public auction will yield the best price obtainable for the vehicles under the circumstances of the Chapter 7 case filed by Debtors.

4. The Trustee is informed that the auction will be conducted at 30764 Imperial Road, Shafter, CA, 93263.

5. In order to expedite the sale of the vehicles the Trustee entered into an agreement with Jerry Gould of Gould Auction and Appraisal Company, to advertise and manage the auction ("Auctioneer").

6. According to the agreement between the Trustee and Auctioneer, the fees for professional services rendered by Gould Auction & Appraisal Company are as follows:

a.     Auctioneer is to receive a commission of 15% (fifteen percent) on the gross proceeds from the sale of the unencumbered vehicles.

b.     Buyer will be charged a $50.00 fee to cover Department of Motor Vehicle transfer of title expense. The $50.00 DMV fee will be paid directly to the Auctioneer.

c.     Auctioneer's commission will be noticed in the Trustee's Notice of Hearing on Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction Sale and creditors will be given the opportunity to object to said commission. If no objections are presented at the hearing, the auctioneer will be paid by the Trustee from the proceeds of said auction sale within ten days of receipt of funds from the auctioneer.

d.     Auctioneer will be paid $100.00 for the pick-up and storage of the vehicles, however Auctioneer will bear the cost of all other ordinary expenses including, but not limited to, security, advertising, and other costs of sale. Auctioneer will be reimbursed for any extraordinary expenses, such as repair work deemed by the Trustee to be necessary and beneficial to the estate, in an amount not to exceed

$500.00. Auctioneer will be reimbursed for any extraordinary expenses in excess of $500.00 only after approval of the Court.

    e.    Auctioneer will be responsible for collecting and paying all sales tax in relation to this auction.

    f.    The Trustee has reviewed the $100,000.00 bond provided by the Auctioneer.

7. The Trustee believes that the sale of the vehicles at a public auction sale is in the best interest of all parties concerned because (a) it allows the vehicles to be shown to a wide variety of potential buyers, and (b) it allows the estate to find a buyer and complete the sale in a short period of time.

8. The details of the compensation of the Auctioneer will be subject to the terms and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction.*

WHEREFORE, the Trustee prays that:

1. The *Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction* filed by Randell Parker, Chapter 7 Trustee be granted;

2. He be authorized to sell the vehicles at public auction pursuant to the terms and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction;*

3. He be authorized to pay Gould Auction and Appraisal Company from the proceeds received from the auction sale; and

4. He be given such other relief as the Court deems just and proper.


**DATED: February 12, 2010**        /s/ Randell Parker_____
                                         Randell Parker
                                         Chapter 7 Trustee